**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4211**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

REGINALD JERRY SHAW,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:16-cr-00046-RLV-DSC-4)

Submitted: January 31, 2018                Decided: February 12, 2018

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Jerry Shaw pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court sentenced him to 151 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the propriety of the sentencing enhancement for possession of a dangerous weapon, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016), and the reasonableness of the sentence imposed. Although informed of his right to file a pro se supplemental brief, Shaw has declined to do so. Upon initial review of this case, we directed the parties to file supplemental briefs addressing the propriety of the weapon enhancement. The Government has moved to dismiss the appeal based on the appellate waiver in the plea agreement. We grant the motion and dismiss the appeal.

We review the validity of an appellate waiver de novo. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Our review of the record confirms that Shaw knowingly and intelligently waived his right to appeal his conviction and sentence.

2

We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). Shaw waived his right to appeal his conviction and sentence, reserving only the right to appeal claims of ineffective assistance and prosecutorial misconduct. Contrary to Shaw's argument in opposition to the Government's motion to dismiss, this waiver is not ambiguous, and it unquestionably waives Shaw's right to appeal the district court's ruling as to the applicability of the § 2D1.1(b)(1) sentencing enhancement.

In accordance with *Anders*, we have reviewed the record in this case and have found no unwaived and potentially meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform Shaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Shaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shaw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*